UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


HAROLD J. JACKSON, JR.,

     Plaintiff,

v.

 WELLS FARGO BANK, NA,
 BANK OF AMERICA, NA,
 DYKEMA GOSSETT, PLLC,
 LAURA BAUCUS, DEMETRIA
 BRUE, STATE OF MICHIGAN,
 COUNTY OF WAYNE, JOHN DOE
 1-10, and JOSEPH H. HICKEY,

     Defendants.

_____/

Case No. 2:26-cv-10013
District Judge Robert J. White
Magistrate Judge Kimberly G. Altman


**<u>REPORT AND RECOMMENTATION</u>**
**<u>RECOMMENDING THAT DEFENDANTS' MOTIONS BE GRANTED</u>**
**<u>(ECF Nos. 6, 12)</u>**[1]
**<u>AND</u>**
**<u>PREFILING RESTRICTIONS BE IMPOSED ON PLAINTIFF</u>**


I.       Introduction

This is a civil case arising out of a mortgage and subsequent foreclosure

proceedings.  Plaintiff Harold Jackson, Jr., proceeding *pro se*, is suing the above

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

captioned defendants making several claims.  (ECF No. 1).[2]  Full pretrial matters have been referred to the undersigned.  (ECF No. 13).

In lieu of an answer, defendant Wells Fargo Bank N.A. filed a motion to dismiss.  (ECF No.6).  Plaintiff then filed a motion to strike the motion to dismiss.  (ECF No. 9).  Wells Fargo also filed a motion for permanent injunction, seeking to enjoin Jackson from filing future cases related to the Property without leave of Court.  (ECF No. 12).  The undersigned denied the motion to strike and stayed proceedings pending the outcome of defendant's motions, permitting only the filing of responses and replies to defendants' motions.  (ECF No. 14).  Jackson has not filed proper responses to defendants' motions and the time for doing so has passed.[3]

For the reasons that follow, it is RECOMMENDED that Wells Fargo's motions be GRANTED.

II.    Background[4]

---

[2] As will be more fully explained, Jackson has filed several cases in this district involving the same Property at issue in this case.  One case, filed on the same day as this one, is against all the same defendants.  *See* Case No. 2:26-cv-10008.  That case has also been referred to the undersigned and is the subject of similar report and recommendation.

[3] The undersigned directed Jackson to file responses by April 16, 2026.  (ECF No. 14).  To date, Jackson has not filed a response to either motion.

[4] This background is taken substantially verbatim from the Report and Recommendation entered this date in Case No. 2:26-cv-10008.

A.      Overview

As set forth in detail in Wells Fargo's motions, Jackson, as well as others, have filed multiple cases in state, federal, and bankruptcy court essentially seeking to avoid Wells Fargo's attempts at eviction.  The lawsuits go back to 2018 following a 2016 foreclosure action.  Although this background is not necessary to resolve defendants' motions, it is relevant to the undersigned's recommendation to impose prefiling restrictions on Jackson.

B.      The Property, Loan, Mortgage, and Foreclosure

On February 3, 2005, non-party Ernest P. Cornelius (Cornelius) accepted a loan in the original principal amount of $123,800.00 (the Loan).  The Loan was secured by a Mortgage on the Property.  The Mortgage was later assigned to Wells Fargo.  On March 17, 2016, the Mortgage was foreclosed, and the Property was sold at a Sheriff's Sale.  Wells Fargo purchased the Property at the Sheriff's Sale. After Cornelius failed to redeem the Property, title vested in Wells Fargo.

B.      Jackson's Attempts to Stop the Foreclosure

On November 29, 2021, Wells Fargo filed a summary proceeding action in the 36th District Court, seeking to secure possession of the Property and an eviction order, styled as: *Wells Fargo Bank, N.A., as indenture Wells Fargo for the Registered Holders of IMH Assets Corp., Collateralized Asse-Backed Bonds, Series 2005-3 v. Ernest P. Cornelius, and Any and All Occupants of 16781*

*Huntington Road, Detroit, MI 48219*, Case No. 21-356348-LT (the Eviction

Action).  The state court scheduled an eviction hearing for December 20, 2021.

Jackson appeared in the Eviction Action, claiming to have an interest in the

Property.  Then, three days before the eviction hearing, on December 17, 2021,

Jackson filed a voluntary petition for relief pursuant to Chapter 7 of the

Bankruptcy Code with the Court.  *See In re Jackson*, Case No. 21-49742 (E.D.

Mich. Bankr.) (Jackson's Bankruptcy I).  As a result, the Eviction Action was

stayed and administratively closed.

On March 24, 2022, Wells Fargo filed a motion in the Bankruptcy Court for

relief from the automatic stay, arguing that it was the only party with any interest

in the Property and Jackson's possessory interest was insufficient to make the

Property part of the bankruptcy estate.  After a hearing on April 20, 2022, the

Bankruptcy Court granted Wells Fargo's motion for relief from the automatic stay.

Wells Fargo then returned to state court and on April 28, 2022, filed a motion to

reopen the eviction proceedings against Jackson.

Also on April 28, 2022, Jackson filed an appeal in this district of the

Bankruptcy Court's order granting Wells Fargo relief from the stay.  *See In re*

*Jackson*, No. 22-10937 (E.D. Mich., Berg, J.) (Jackson's Bankruptcy Appeal I).

On May 13, 2022, Jackson filed a motion in the Bankruptcy Court seeking a

stay pending the appeal to the district court.  Wells Fargo responded to the motion

to stay, essentially contending that a stay was not warranted because Jackson does not have a valid interest in the Property.  The Bankruptcy Court granted Wells Fargo's motion for relief from stay, and allowed Wells Fargo to move forward with the Eviction Action, via an order issued on April 20, 2022.  On June 16, 2022, the Bankruptcy Court entered an order closing Jackson's case due to his failure to file necessary documents with the court.

Wells Fargo then filed a motion to dismiss in the district court arguing that the dismissal of Jackson's bankruptcy case rendered his appeal moot.  The undersigned recommended the motion be granted.  The district court adopted the recommendation and dismissed the case on October 13, 2022.  *See* ECF No. 21 in Case No. 22-10937.

Wells Fargo's motion to re-open the Eviction Action was filed and scheduled for hearing on July 20, 2022.  On July 18, 2022, two days before the hearing to reopen the Eviction Action, Jackson filed a second voluntary petition for relief this time under Chapter 13 of the Bankruptcy Code.  *See In re Jackson*, Case No. 22-45561 (E.D. Mich. Bankr.) (Jackson Bankruptcy II).  The Eviction Action was again stayed pending Jackson's Chapter 13 bankruptcy case.  On January 12, 2023, the bankruptcy court dismissed Jackson's second bankruptcy for failure to comply with court orders.[5]

---

[5] Although not related to Jackson's filings, other third parties also filed bankruptcy

A pretrial hearing was scheduled in the Eviction Action on March 20, 2025. Jackson appeared at that hearing and told the state court that he resided at the Property and had filed his third bankruptcy case. *See In re Jackson*, Case No. 25-42744 (E.D. Mich. Bankr.) (Jackson Bankruptcy III). As such, the Eviction Action was administratively closed yet again.

On June 17, 2025, Bankruptcy Judge Hage granted Wells Fargo's Motion for Relief from Automatic Stay in the Jackson Bankruptcy III. *See* ECF No. 82 in Case No. 25-42744. Notably, in that order, Judge Hage found that Jackson's petition was part of a scheme to delay, hinder, or defraud and subject to sanctions. Jackson appealed the bankruptcy court's order to this court, where the case is currently pending. *See In re Jackson*, Case No. 25-11989 (E.D. Mich. Grey, J.) (Jackson Bankruptcy Appeal II)

Meanwhile, on June 4, 2025, Jackson filed another case in this district against Wells Fargo and others ostensibly raising due process claims related to his Chapter 13 Bankruptcy case. *See Jackson v. Wells Fargo*, Case No. 25-11666

---

cases, which resulted in delays in the Eviction Action. Specifically, on April 21, 2023, third-party Ernest Cornelius (the original borrower) and Joseph Jones (unknown third-party) removed the Eviction Action to this district. *Wells Fargo v Jones, et al.*, 23-10938 (E.D. Mich. Hood, J.). On May 22, 2023, Wells Fargo filed a motion to remand for lack of subject matter jurisdiction. On March 31, 2024, the district court granted the motion to remand the Eviction Action back to the 36th District Court. *See* ECF No. 16 in Case No. 23-10938.

(E.D. Mich. Goldsmith, J.) (Jackson Civil Case I).  All defendants filed motions to dismiss, which the assigned Magistrate Judge recommended be granted.  The district court adopted the recommendation, over Jackson's objections, and dismissed the case.  *See* ECF No. 33 in Case No. 25-11666.

Wells Fargo then returned to state court and filed another motion to reopen the Eviction Action, which was granted on August 6, 2025.  On August 8, 2025, Jackson removed the Eviction Action to federal court based on federal question jurisdiction under 28 U.S.C. § 1331.  *See Wells Fargo v. Jackson*, Case No. 25-12488 (E.D. Mich. White, J.) (Jackson Civil Case II).  Wells Fargo filed a motion to remand this case back to state court, and requested that the Court sanction Jackson for filing a frivolous notice of removal.  The district court granted the motion and remanded the case, and retained jurisdiction to imposed sanctions.  *See* ECF No. 11 in Case No. 25-1248.  The sanctions issue remains open.

The Eviction Action was then scheduled for a hearing on January 6, 2026.  On January 5, 2026, Jackson filed another case (Jackson Civil Case III), seeking once again to remove the Eviction Action to this Court.  *Jackson v. Wells Fargo*, 26-10008 (E.D. Mich. White, J).  That case has also been referred to the undersigned.  On that same day, Jackson also filed the instant case related to the Property (Jackson Civil Case IV).  As noted above, Wells Fargo has filed a motion to dismiss and a motion for permanent injunction in the present case.

In sum, to date Jackson has filed three bankruptcy cases in this district: Jackson Bankruptcy I; Jackson Bankruptcy II; and Jackson Bankruptcy III.  He has also filed six additional cases in this district.  Jackson Bankruptcy Appeal I; Jackson Bankruptcy Appeal II; Jackson Civil Case I, Jackson Civil Case II, Jackson Civil Case III; and Jackson Civil Case IV.  All of these cases stem from Jackson's attempts to forestall the Eviction Action.

### III.    Motion to Dismiss

#### A.    Legal Standard

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

8

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Finally, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. . . . [N]either may the Court conjure up unpled allegations." *Rogers v. Detroit Police Dep't*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009).

### B.    Discussion

As an initial matter, Jackson did not file a response to either of Wells Fargo's motions, making the motions unopposed. As to the motion to dismiss, the law in this Circuit is not clear on whether a failure to respond to a motion to dismiss constitutes a sufficient ground for granting the motion. In *Carver v.*

9

*Bunch*, 946 F.2d 451, 453-54 (6th Cir. 1991), the Sixth Circuit held that it is an abuse of discretion for a district court to dismiss under Fed. R. Civ. P. 12(b)(6) solely because the plaintiff failed to respond to a motion to dismiss unless the failure rises to the level of a failure to prosecute.  The Sixth Circuit has also held that a failure to respond to a motion to dismiss will be grounds for granting the motion.  *See Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, *2 (6th Cir.1989) (unpublished table decision) (affirming district court's grant of defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."); *Humphrey v. United States AG Office*, 279 F. App'x 328, 331 (6th Cir. 2008).

While Jackson's failure to respond to the motion to dismiss could be considered a failure to prosecute, the Court declines to recommend granting Wells Fargo's motion on these grounds.  Instead, the Court will consider the merits of the motion.

Wells Fargo makes several arguments in support of its motion, including that Jackson's complaint constitutes improper claim splitting and is duplicative of prior litigation, that he has failed to plead a plausible due process claim under 42 U.S.C. § 1983, that his RICO claim fails as a matter of law and is otherwise not properly plead, and that his claim for declaratory relief fails.  Each argument, all of

which are well-founded, are considered below.

As to claim splitting, "[t]he rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." *Waad v. Farmers Ins. Exch.*, 762 F. App'x. 256, 263 (6th Cir. 2019) (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011)).  There is a strong policy against "claim-splitting."  *See Ellis v. Gallatin Steel Co.*, 390 F.3d 461, 479 (6th Cir. 2004) ("[A] plaintiff must join all claims arising from the same set of facts in a single proceeding and cannot split them across multiple fora.") (citing Restatement of Judgments (Second) § 24 (1982)).  The prohibition against claim-splitting rests both on the discretion of courts to control their docket as well as on principles of res judicata.  *Sanders Confectionary v. Heller*, 973 F.2d 474 (6th Cir. 1992).

In these regards, as a matter of efficiency and fairness, court should not allow parties to gain procedural advantages by splitting causes of action.  "It is well-settled that a plaintiff may not use the tactic of filing substantially identical complaints to expand the procedural rights he would have otherwise enjoyed." *Hartsel Springs Ranch v. Bluegreen*, 296 F.3d 982, 990 (10th Cir. 2002).  Other principles also underlie the judicial policy prohibiting parties from claim-splitting. *See Curtis v. Citibank*, 226 F.3d 133, 138 (2d. Cir. 2002) ("The rule against duplicative litigation is distinct from but related to the doctrine of claim preclusion or res judicata.").  The difference between claim splitting and duplicative litigation

11

is in name only.  Both stem from the Supreme Court's instruction in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976) that "[a]s between federal district courts ... the general principle is to avoid duplicative litigation."  *See Katz*, 655 F.3d at 1217 (claim-splitting); *Curtis*, 226 F.3d at 138 (duplicative litigation).  Indeed, the Tenth Circuit has used the terms "claim splitting" and "duplicative litigation" interchangeably.  *See Katz*, 655 F.3d at 1218 (citing *Curtis*, 226 F.3d at 138).

Here, Wells Fargo and Jackson have been parties to several cases, and most notably, Jackson Civil Case I.  This case and Jackson Civil Case I are both based on a common set of facts, *i.e.*, the facts from Jackson Bankruptcy III, filed in 2025. The only difference from Jackson Civil Case I and this case is that now Jackson claims that actions taken in the eviction proceedings are somehow improper.  The fact that Jackson added a RICO claim and additional defendants does not change the fact that both lawsuits arise out of a common set of facts.  This case can therefore be dismissed due to improper claim-splitting and as duplicative.

Wells Fargo also argues that Jackson's due process claim under 42 U.S.C. 1983 fails because Wells Fargo is a private business and Jackson has not plausibly alleged that Wells Fargo was acting under the color of law to deprive him of his right for notice and an opportunity to be heard.  The undersigned agrees.  To act under the color of law, a defendant in a § 1983 action must have exercised the

12

power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49, 108 S. Ct. 2250 (1988). "A private business does not act under color of state law, and thus is not a 'state actor,' unless its conduct is 'fairly attributable to the state.'" *Brite Fin. Servs., LLC v. Bobby's Towing Serv.*, LLC, 461 F. Supp. 3d 549, 563 (E.D. Mich. 2020) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Wells Fargo is a private business. Nowhere in the Complaint does Jackson allege that Wells Fargo is a state actor. Jackson also does not allege that Wells Fargo's actions are attributable to the state. Thus, Jackson has not stated a claim for violation of due process rights, and this claim should be dismissed.

Wells Fargo also says that Jackson's claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, (RICO), fails to state a claim. The undersigned agrees. Jackson broadly alleges that Wells Fargo and co-defendants operated an illegal enterprise seeking to unlawfully seize his property through "fraudulent foreclosure documents, misrepresentations of ownership, concealment of title defects, and the use of administrative eviction procedures lacking jurisdiction." (ECF No. 1, PageID 18).

"Enacted in 1970, the [RICO] Act prohibits one from engaging in 'a pattern of racketeering activity' in connection with 'any enterprise' whose activities affect

interstate commerce." *Grow Michigan, LLC v. LT Lender, LLC*, 50 F.4th 587, 593 (6th Cir. 2022) (citing 18 U.S.C. § 1962(a)).  "[T]o state a civil RICO claim, a plaintiff must allege (1) two or more predicate racketeering offenses, (2) the existence of an enterprise affecting interstate commerce, (3) a connection between the racketeering offenses and the enterprise, and (4) injury by reason of the above." *Id*. at 594.  Jackson has not pled sufficient factual allegations to satisfy any of these elements.

As to the first element, "the overwhelming weight of authority bars a civil RICO claim based on the use of the mail or wire to conduct allegedly fraudulent litigation activities as predicate racketeering acts.'"  *Pompy v. Moore*, No. 19-10334, 2024 U.S. Dist. LEXIS 34377, at *50-51 (E.D. Mich. Feb. 28, 2024) (citation omitted).  "Numerous other federal courts similarly have held that malicious prosecution and other forms of litigation abuse do not constitute valid predicate acts for RICO conspiracy." *Id*. (citing *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088 (11th Cir. 2004)).

Here, Jackson has not alleged the existence of any predicate racketeering offenses.  Jackson simply alleges that Wells Fargo engaged in racketeering because it "initiated and advanced a fraudulent foreclosure and eviction based on void, unverified, and concealed title documents."  (ECF No. 1, PageID 18).  He seems to allege that the predicate act giving rise to its RICO claims is fraud, specifically

14

through (a) mail fraud, (b) wire fraud, (c) obstruction of the judicial process, (d) extortion through threats of eviction, and (e) fraudulent concealment via the foreclosure of property.  (*Id*., PageID.20-21).  In other words, Jackson asserts RICO claims due to Wells Fargo's prosecution of the Eviction Action in state court.  However, Wells Fargo's litigation activities do not constitute racketeering. *See Pompy, supra*.

Jackson has also not pled the requisite criminal enterprise affecting interstate commerce or any injury proximately caused by any purported racketeering activity. "From the terms of RICO, it is apparent that an association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009) (citation omitted).  An association-in-fact enterprise can be proven by showing "1) that the associated persons formed an ongoing organization, formal or informal; 2) that they functioned as a continuing unit; and 3) that the organization was separate from the pattern of racketeering activity in which it engaged." *VanDenBroeck v. CommonPoint Mortg. Co*., 210 F.3d 696, 699 (6th Cir. 2000), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co*., 553 U.S. 639 (2008).

Jackson has not alleged any specific facts demonstrating that the named defendants formed an organization, that they functioned as a continuing unit, or

15

that the association existed in any way apart from the alleged pattern of racketeering activity (*i.e.*, the litigation).  He simply alleges that an enterprise existed between Wells Fargo, its lawyers, and the presiding Judge in a state court eviction matter, without anything more.  There are no allegations, other than conclusory allegations, that Wells Fargo—or any named defendant—engaged in a pattern of organized racketeering activity or that they committed other acts beyond prosecuting an eviction action against Jackson.  This is not sufficient to plead the existence of an enterprise.  *See Pompy*, 2024 U.S. Dist. LEXIS 34377, at *50-51.

Nor has Jackson pled that the alleged enterprise affected interstate commerce.  To the contrary, Jackson only alleges that this alleged conspiracy has impacted his rights to the Property.  Finally, Jackson has not pled any cognizable injury.  The existence of litigation against an individual is an activity protected by the First Amendment, is not a crime, and is not considered racketeering under well-settled law, as addressed above.

Wells Fargo also says that Jackson's RICO claims should be dismissed because he does not plead allegations against it with the requisite particularity.  It is well settled that a RICO allegation based on fraud must conform to the requirements of Fed. R. Civ. P. 9(b).  *See, e.g., VanDenBroeck v. CommonPoint Mortg. Co.*, 210 F.3d 696, 701 (6th Cir. 2000); *Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1328 (7th Cir. 1994) ("These details are mandated not only by Rule

16

9(b), but by the very nature of a RICO claim."). This is also true for allegations of a fraudulent conspiracy. *See, e.g., Lum v. Bank of America*, 361 F.3d 217, 228 (3rd Cir. 2004) ("Because Plaintiff allege that the defendants accomplished the goal of their conspiracy through fraud, the Amended Complaint is subject to Rule 9(b)."). Jackson's complaint falls far short of Rule 9's requirements.

Finally, Jackson seeks a declaration that "the foreclosure, eviction proceedings, and related filings were void, fraudulent, and unconstitutional." (ECF No. 1, PageID.23). However, as Wells Fargo correctly argues, because Jackson's substantive claims fail as a matter of law, so too does his claim for a declaratory judgment. *See Littler v. Ohio Ass'n of Pub. Sch. Emps.*, 88 F.4th 1176, 1180 n.1 (6th Cir. 2023) (when a plaintiff's substantive claims fail, the request for declaratory relief fails as a matter of law).

Overall, Jackson's complaint fails to state any viable claims and should be dismissed.

### IV.    Motion for Permanent Injunction

Wells Fargo has also filed a motion for permanent injunction, seeking a ruling that Jackson be enjoined from filing any future cases regarding the Property

17

without leave of Court.  Wells Fargo says that Jackson's documented history of filing frivolous actions warrants such relief.  The undersigned agrees.[6]

Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct that impairs the Court's ability to carry out its functions.  *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998).  Under the All Writs Act, 28 U.S.C. § 1651(a), a district court may impose restrictions on a litigant who abuses the judicial process, so long as the restrictions are narrowly tailored and imposed with notice and an opportunity to be heard. *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 940 (6th Cir. 2002); *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986).  "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."  *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998).  Further, there is nothing wrong with an order that "restrains not only an individual litigant from repeatedly filing an identical complaint, but that places limits on a reasonably defined category of litigation because of a recognized pattern of repetitive, frivolous, or vexatious cases within that category."  *Id.*

To determine whether a permanent injunction is warranted, courts consider:

(1) the litigant's history of litigation and in particular whether it entailed

---

[6] The undersigned has made this recommendation in the Report and Recommendation in Jackson Civil Case III, issued this date.

vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.,* does the litigant have an objective good faith expectation of prevailing?, (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.  Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.

*Kersh v. Borden Chem., a Div. of Borden, Inc*., 689 F. Supp. 1442, 1450 (E.D. Mich. 1988) (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).  In *Ortman*, *Feathers*, and *Tropf*, the Sixth Circuit affirmed that under the right circumstances prefiling restrictions may be assessed.  That being said, "the power of a district court to enjoin a litigant from proceeding in a state action . . . should be exercised sparingly."  *Tropf*, 289 F.3d at 943 (quoting *Silcox v. United Trucking Serv., Inc.,* 687 F.2d 848, 850 (6th Cir. 1982)).

Here, as noted in detail above, Jackson has filed numerous cases in this district, both in the bankruptcy court and this court, all seeking to forestall the Eviction Action.  All of them lack substantive merit and demonstrate a clear pattern of vexatious litigation and abuse of the system.  All of them have required the expenditure of unnecessary attorney effort and judicial resources.  It is unlikely that Jackson will be deterred from filing future cases with any sanction other than a prefiling restriction.  The undersigned therefore recommends that Wells Fargo's motion be granted and that future cases filed by Jackson be subject to prefiling

review and that he be disallowed from filing any cases that related to the Property

without leave of court.

VI.    Conclusion

For the reasons stated above, the undersigned RECOMMENDS that

defendants' motions (ECF Nos. 6, 12) be GRANTED.  Furthermore, the

undersigned RECOMMENDS that any future case filed by Jackson be subject to

prefiling review and that he be disallowed from filing complaints that relate to the

Property in any capacity without leave of court.


Dated: May 21, 2026                          s/Kimberly G. Altman
Detroit, Michigan                            KIMBERLY G. ALTMAN
                                             United States Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and

Recommendation.  Any objections must be filed within 14 days of service, as

provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).

Failure to file specific objections constitutes a waiver of any further right of

appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

20

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 21, 2026.

s/Dru Jennings
DRU JENNINGS
Case Manager

21