UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD J. JACKSON, JR.,

Plaintiff,

v.

BANK OF AMERICA, NA, DYKEMA GOSSETT, PLLC, LAURA BAUCUS, DEMETRIA BRUE, STATE OF MICHIGAN, COUNTY OF WAYNE, JOHN DOE 1-10, and JOSEPH H. HICKEY,

Defendants.
_______________________________/

Case No. 2:26-cv-10013
District Judge Robert J. White
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION TO DISMISS REMAINING DEFENDANTS WITHOUT PREJUDICE**

I. Introduction

This is a civil case arising out of a mortgage and subsequent foreclosure proceedings involving property in the City of Detroit. Plaintiff Harold Jackson, Jr., proceeding *pro se*, is suing the above captioned defendants making several claims. (ECF No. 1). Full pretrial matters have been referred to the undersigned. (ECF No. 13). To date, the only defendant who appeared is Wells Fargo Bank, N.A.,

who has since been dismissed.[1] *See* ECF No. 18. On July 21, 2026, the Court entered an order to show cause directing Jackson to show cause as to why the remaining defendants should not be dismissed. (ECF No. 19). Jackson responded to the order, stating, among other things, that he believed he did serve some of the defendants and requested additional time to provide proof of service and identify the Doe defendants. (ECF No. 20). On August 4, 2026, the undersigned entered an order finding the order to show cause satisfied, and allowing Jackson 45 days, until September 18, 2026, to serve/identify the remaining defendants. (ECF No. 21). Jackson has not done so and the time for doing so has passed. Accordingly, for the reasons that follow, it is RECOMMENDED that the remaining defendants be dismissed without prejudice for failure to serve and prosecute. If this recommendation is adopted, the case would be closed.

## II. Discussion

Jackson filed the complaint on January 5, 2026. Under the federal rules, he had 90 days from that date to serve all of the defendants. Specifically, Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an

[1] Jackson has also been enjoined from filing any new cases in this district regarding the property. *See* ECF No. 18.

appropriate period.

Jackson did not do so. However, as noted above, the undersigned gave Jackson additional time to serve the remaining defendants and identify the Doe defendants. The order satisfying the order to show cause states in relevant part:

> Jackson shall identify and serve the remaining defendants in the manner specified by Federal Rule of Civil Procedure 4 and file a certificate of service by **September 18, 2026**. **If Jackson needs additional summonses, he must obtain them from the Clerk. If Jackson fails to file a certificate of service by that date, the Court will recommend that the remaining defendants be dismissed without prejudice for failure to serve and failure to prosecute.**

(ECF No. 21, PageID.495-496) (emphasis in original). To date, Jackson has not filed a certificate of service or taken any other action to show that he served defendants.

It is Jackson's burden to establish good cause for failing to timely effect service. *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994). And Jackson is responsible for properly serving each defendant. *See Wilson v. Butzin*, No. 5:20-178-DCR, 2020 WL 4810117, at *4 (E.D. Ky. Aug. 18, 2020) ("Achieving proper service upon a defendant within the time permitted is a plaintiff's responsibility.").

It has now been well over 90 days since Johnson filed the complaint, and beyond the additional time the undersigned gave Johnson to serve the remaining defendants or identify the Doe defendants. Under the Federal Rules of Civil

Procedure, a case may be dismissed for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Here, the time for service on defendants has long passed. Accordingly, they should be dismissed for failure to serve.

This delay in service also implicates Federal Rule of Civil Procedure 41(b) and Local Rule 41.2. The Local Rule provides that "when it appears that the … parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice … enter an order dismissing … the case unless good cause is shown." E.D. Mich. LR 41.2.

Under Federal Rule of Civil Procedure 41(b), the test to determine whether dismissal is warranted is: 1) was the failure to cooperate or prosecute due to willfulness, bad faith, or fault; 2) was the adversary prejudiced by the party's conduct; 3) was the party warned that failure to cooperate or prosecute could lead to dismissal; and 4) the existence and appropriateness of less drastic sanctions. *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (dismissal under Fed. R. Civ. P. 37(b)); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (dismissal under Fed. R. Civ. P. 41(b)).

As to the first factor, Johnson has been informed of his obligation to serve and identify defendants. He has not done so. This factor favors dismissal.

As to the second factor, defendants remain in the case unserved while the only served defendant has been dismissed. Leaving these unserved and

unidentified defendants prevents full adjudication of this case. Thus, this factor favors dismissal.

The third factor has also been satisfied. Johnson was warned that if he "**fails to file a certificate of service by that date, the Court will recommend that the remaining defendants be dismissed without prejudice for failure to serve and failure to prosecute.**" (ECF No. 21, PageID.496) (emphasis in original).

Finally, as to the fourth factor, there are no other meaningful remedies left at this time other than to dismiss the remaining defendants for failure to serve and for failure to prosecute.

## IV. Conclusion

For the reasons stated above, it is RECOMMENDED that the remaining defendants be DISMISSED WITHOUT PREJUDICE for lack of service and failure to prosecute. If this recommendation is adopted, this case would be closed.

Dated: September 24, 2026
Detroit, Michigan

s/Kimberly G. Altman
KIMBERLY G. ALTMAN
United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as

provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 24, 2026.

s/Dru Jennings
DRU JENNINGS
Case Manager